IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  12-cv-01426-LTB-MJW

MIRACLE GASH,

       Plaintiff,

v.

CLIENT SERVICES, INC., a Missouri corporation,

       Defendant.

_____

ORDER
_____

       This matter is before me on two motions, filed by Plaintiff Miracle Gash, seeking an award of attorney fees against Defendant, Client Services Inc., following an entry of judgment on Plaintiff's claim that it violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq*. (The "FDCPA").  Specifically, I address Plaintiff's Motion for Attorneys Fees [**Doc # 11**], and Plaintiff's Supplemental Motion for Attorneys Fees [**Doc #15**].  Oral argument would not materially assist me in the determination of these motion.  After consideration of the parties' briefs and accompanying affidavits and records, as well as Plaintiff's Notice of Supplemental Authority [Doc #19], and for the reasons stated below, I GRANT the initial motion seeking attorney fees in part and I DENY it in part, and I DENY the supplemental motion.

## I.  BACKGROUND

       On June 1, 2012, Plaintiff filed a complaint against Defendant Client Services Inc. ("Client Services"), alleging a violation of the FDCPA.  In her complaint, Plaintiff sought damages and reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(a) and

§1692k(a)(3).  Six days later, on June 7, 2012, Client Services served Plaintiff with an offer of

judgment, pursuant to Fed. R. Civ. P. 68, and Plaintiff accepted it on June 22, 2012.  As a result,

judgment was entered for Plaintiff and against Client Services, on June 25, 2012, in the amount

of $1,001.00, plus costs and reasonable attorney fees.  The parties subsequently stipulated to the

applicable amount of costs and, thus, $420.00 of costs were taxed against Client Services on

June 29, 2012.  Thereafter, the parties attempted to agree on the applicable amount of reasonable

attorney fees, but were unsuccessful.  Plaintiff then filed the motions at issue.

## II. LAW

Section 1692k(a) of the FDCPA provides that a defendant is liable to a successful

plaintiff for, among other things, "a reasonable attorney's fee as determined by the court."  15

U.S.C. § 1692k(a)(3).   To determine the "reasonable fee" under the FDCPA, I calculate the

"lodestar amount."  *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098,

1102 (10th Cir. 2010)(*citing Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40

(1983)).  The lodestar is the "the number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate, which produces a presumptively reasonable fee that may

in rare circumstances be adjusted to account for the presence of special circumstances."

*Anchondo v. Anderson, supra,* 616 F.3d at 1102 (*citing Hensley v. Eckerhart, supra*, 461 U.S. at

433).   "The burden of proving the claimed number of hours and rate is on the applicant."

*Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  A district court's attorney fee award

is reviewed for an abuse of discretion.  *Anchondo v. Anderson, supra*, 616 F.3d at 1101 (*citing*

*Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)).

## III. ANALYSIS

In Plaintiff's initial motion for attorney fees, she seeks an award in the amount of $3,525.00 – for 14.1 hours of work at a rate of $250 per hour – for work performed by her attorney, David M. Larson, through the filing of the motion.  In her supplemental motion, Plaintiff requests an additional $875.00 in attorney fees – for 3.5 hours at a rate of $250 per hour – for work performed by Mr. Larson after he filed the initial motion.

**A.  Hourly Rate**

Client Services does not contest or challenge Mr. Larson's hourly rate, sought in this case, of $250 per hour.  "The setting of a reasonable hourly rate is within the district court's discretion," *Jane L. v. Bangerter*, *supra*, 61 F.3d at 1510, but it should be in line with "prevailing market rates in the relevant community"  for similar services by lawyers of reasonably comparable skill, experience, and reputation.  *Blum v. Stenson*, 465 U.S. 886, 896 FN.11, 104 S. Ct. 1541, 79 L.Ed2d 891 (1984).  After reviewing the briefs, attached affidavits, and the relevant legal authority from this district, I conclude that the requested rate of  $250 per hour is a reasonable hourly rate for attorneys with skill and experience comparable to Mr. Larson's.  *See e.g. King v. Midland Credit Mgmnt., Inc.,* 11-cv-02808-CMA-BNB,  2012 WL 3590787 (D.Colo., Aug. 20, 2012)*; White v. Cavalry Portfolio Services, LLC,* 11-cv-2217-LTB-KLM, 2012 WL 899280 (D.Colo., March 16, 2012).

**B.  Hours Expended**

Client Services does, however, take issue with the number of hours Plaintiff is claiming were reasonably expended by her attorney in the course of this litigation.  Plaintiff's burden "is to prove and establish the reasonableness of each dollar, each hour, above zero."  *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)(quotations omitted). "The

3

Supreme Court, recognizing that not all hours expended in litigation are normally billed to a client, noted that an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked." *Malloy v. Monahan*, *supra*, 73 F.3d at 1018. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, . . . [h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart, supra,* 461 U.S. at 434. Hence, the court has a "corresponding obligation to exclude hours 'not reasonably expended' from the calculation." *Malloy v. Monahan*, *supra*, 73 F.3d at 1018.

In her initial motion, Plaintiff asserts that Mr. Larson reasonably expended 14.1 hours in the litigation of this matter through the date of filing. In support of this assertion, Plaintiff provides an itemization of the time, a corroborating affidavit from Mr. Larson, and an affidavit from Richard B. Wynkoop, an attorney that also brings cases under the FDCPA in this district. Mr. Wynkoop avers that he reviewed the time expended by Mr. Larson "and finds it consistent with similar legal practices and reasonable for the work expended." He avers that the time is reasonable in light of the amount in controversy, the time required to effectively represent the client, the complexity of the case, the value of the legal services, and customary practice.

In response, Client Services argues that the hours sought are excessive in that this matter consisted of a straight-forward allegation, that was resolved quickly, saw virtually no litigation and, furthermore, Plaintiff had previously filed two very similar cases in which Mr. Larson was her counsel. In addition, it argues that the itemization documenting Mr. Larson's hours contains excessive billing on the file, block billing, and administrative/clerical time, which it asserts is not

recoverable.  Thus, Client Services argues that Plaintiff  should be awarded no more than 4.7 hours or $1,175.00 in total fees (4.7 hours at $250 per hour).

Based on my review of the briefs, the billing records therein, and attached affidavits, I conclude that Plaintiff has not met her burden of showing that each of the 14.1 hours was reasonably expended in this litigation.  First, and most notably, I agree that the total number of hours sought are excessive when, as here, litigation was almost non-existent – in that an offer of judgment was made by Client Services just 6 days after Plaintiff filed her complaint and 3 days after being served, it was accepted within two weeks, and judgment entered merely 25 days after Plaintiff filed her complaint – and, additionally, the merits of the case were never in serious dispute.

Furthermore, I agree with Client Services that a large portion of the times itemized by Mr. Larsen are excessive and/or duplicative.  First, I note that the 6.8 hours billed by Mr. Larson for his initial meetings with his client (3.7 hours) and for drafting and filing the complaint (3.0 plus .1 for electronic filing) is excessive when, as here, the attorney has not only filed numerous such complaints, but also filed two with this particular client the previous year.  Next, although it is clearly a lawyer's duty to communicate with his client during the pendency of the case, I find that the billing is replete with phone calls (9 phone calls, for a total of one hour, over a five week period) and letters to client (5 letters, for a total of .6 hours. over the same period of time) that appear to be excessive, particularly in light of their continuing relationship.  Moreover, it appears that counsel listened to the audio recording – apparently related to Plaintiff's allegations – and reviewed her credit reports – arguably unrelated to the allegations – on 5/25/12, 5/31/12 and again on 6/18/12.

In addition, when aggregated, at least .5 hours were devoted to clerical or administrative tasks – mostly items relate to the e-filing court documents.  These types of tasks are not billable at a lawyer's hourly rate.  *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 FN10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989)("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them).  Moreover, the time itemized for drafting this motion seeking attorney fees is excessive.  My conservative estimate is that Mr. Larson billed 2.5 hours (of the total 14.1 sought) for preparing the motion and affidavit.  As with the filing of FDCPA, Mr. Larson likewise prepares motions for attorney fees in such cases regularly, often using practically identical motions and affidavits for different cases.

Finally, I note that other judges – including myself – have recently found similar issues with Mr. Larson's billing and made comparable reductions in expended hours.  *See e.g. King v. Midland Credit Mgmt., Inc.,* 11-cv-02808-CMA-BNB,  2012 WL 3590787 (D.Colo., Aug. 20, 2012)(reducing the requested hourly rate from $300 to $250 per hours, and reducing the hours billed from 12.7 hours to 10 hours); *White v. Cavalry Portfolio Services, LLC,* 11-cv-2217-LTB-KLM, 2012 WL 899280 (D.Colo., March 16, 2012)(reducing the requested 13.4 hours to 9.9 hours); *Fournier v. Midland Credit Mgmt., Inc.*, 11-cv-02802-MJW-MEH, 2012 WL 470468 (D. Colo. Feb. 13, 2012)(reducing 12.6 hours to 8.7 hours); *Feder v. Midland Credit Mgmt., Inc.*, 11-cv-02872-JLK , 2012 WL 266417 (D. Colo. Jan. 30, 2012)(reducing 11.9 hours to 8 hours).

Therefore, because I have determined that Plaintiff's billing times in this matter are not reasonable, I conclude that the 14.1 hours sought will be reduced as follows.  First, I subtract the .5 hours attributable to administrative duties.  I take the remaining 13.6 hours and discount it by 25% – to account for excessive and duplicative billing – for a total of 10.2 hours.  In presenting

my determination, I note that I "need not identify and justify every hour allowed or disallowed." *Malloy v. Monahan*, *supra*, 73 F.3d at 1018; *see also Fox v. Vice,* — U.S. —, 131 S.Ct. 2205, 2217, 180 L.Ed.2d 45 (2011)(indicating that "[t]he essential goal in shifting fees is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time").

### C.  Supplemental Motion

In her supplemental motion, Plaintiff seeks additional fees for the time incurred – 3.5 hours of work at $250 per hour for a total of $875.00 – for replying to her initial motion and in drafting and filing her supplemental motion.  The itemization of time in the supplemental motion is 1 hour for reviewing the response, 1.2 hours in drafting Plaintiff's reply, emails and phone calls totaling .5 hours, and .8 hours to draft the supplemental motion.

However, a claim for attorney fees "must be . . . filed no later than 14 days after the entry of judgment."  Fed.R.Civ.P. 54(d)(2)(B)(I).  Although Plaintiff's initial motion was timely, her supplemental motion was filed later than the 14 day limitation set forth in Rule 54(d).  And while courts have allowed untimely supplemental motions seeking attorney fees in certain circumstances – such as when the local rules allow them or following the successful opposition of an appeal – I conclude that the circumstances of this case do not lend toward allowing such motion.  *See e.g. Mary-Jo Hyldahl v. AT&T,*  2009 WL 2567197 (E.D. Mich. 2009); *Bernback v. Greco,* 2007 WL 108293 (3rd Cir. 2007).  In so ruling, I agree with Client Services that Plaintiff's request would seem to have no end point as she could, in theory, continually ask for continued work in replying to her own motions, and then in filing new ones.  I reject Plaintiff's argument that should could not have timely filed her supplemental motion because the attorney

fees sought therein "had not yet been expended at that time."   If Plaintiff wished to seek fees for the time spent responding to the reply in her initial motion, Rule 54 provides such a mechanism by allowing a party to provide a "fair estimate" for the amount of fees sought.   *See* Fed. R. Civ. P. 54(d)(2)(B)(iii).

Therefore, I deny Plaintiff's supplemental motion – seeking additional attorney fees for 3.5 hours allegedly incurred by her attorney in responding to his initial motion and in filing this supplemental motion – on the basis that it is untimely pursuant to Fed. R. Civ. P. 54(d)(2)(B)(I).

## D. Lodestar Amount

Using the determinations above, the lodestar amount is $2,550.00 (10.2 hours multiplied by $250).  This amount is "presumptively reasonable" and "may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, supra*, 616 F.3d at 1101 (*citing Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010)).  Plaintiff does not argue, nor am I aware, that special circumstances exist to support an adjustment.  *See Perdue v. Kenny A., supra,* 559 U.S. at 553 (noting that "the burden of proving that an enhancement is necessary must be borne by the fee applicant. . . [and] a fee applicant seeking an enhancement must produce 'specific evidence' that supports the award").  Accordingly, I conclude that a reasonable fee in this case is $2,550.00, and because Plaintiff prevailed in her FDCPA action, I award her this amount pursuant to 5 U.S.C. §1692k(a)(3).

Therefore, IT IS ORDERED that Plaintiff's Motion for Attorneys Fees [**Doc #11**] is

GRANTED up to $2,550.00, but the portion seeking an award above that amount is DENIED,

and Plaintiff's Supplemental Motion for Attorneys Fees [**Doc #15**] is DENIED.


Date: March ___18___, 2013 in Denver, Colorado.


BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE